# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD BOCCO,**

        **Plaintiff,**

-vs-                                      Case No. 6:04-cv-1247-Orl-31KRS

**THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR RECONSIDERATION ON MOTION FOR PROTECTIVE ORDER (Doc. No. 39)** |
| **FILED:** | **May 5, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

The movant did not attach to his motion for protective order, doc. no. 37, the subpoena at issue. The only copy before the Court at the time the motion was considered was exhibit G to Defendant Lincoln's Motion for Reconsideration, doc. no. 30. Exhibit G showed the return date for the subpoena to be April 29, 2005. Accordingly, the Court's ruling on the motion for protective order was correct, based on the record then before the Court.

If the motion for protective order were timely filed, it would nevertheless have been denied on the merits. In his complaint, Plaintiff Richard Bocco alleges that Defendant Lincoln National Life Insurance Company ("Lincoln") breached a contract arising out of a disability income insurance policy that Lincoln issued to Bocco. Specifically, Bocco alleges that Lincoln failed to

pay disability benefits due to him under the policy. Doc. No. 2. In its answer to the complaint, Lincoln asserted that Bocco was barred from recovery because he failed to supply adequate proof of loss to support his claim for disability benefits. Doc. No. 8 at 3.

Lincoln served a subpoena on Wells Fargo Home Mortgage Co. ("Wells Fargo") to obtain financial information about Bocco apparently related to a loan Wells Fargo made to Bocco. Bocco contends that he has a legitimate right of privacy in his financial records, and that the records are not relevant to the issues in this case. Doc. Nos. 26, 28. Lincoln responds that a portion of the policy at issue regarding payment of "residual" disability benefits is predicated on a "demonstrable loss of income on the part of the insured because of injury or sickness." Doc. No. 30 at 1; Doc. No. 40 at 2. Therefore, it argues, it is entitled to seek discovery of Bocco's financial condition, which information may reasonably be found in the records of Wells Fargo .

Lincoln's argument prevails. The cases Bocco relied upon are factually inapposite because they involve government intrusion, *see Winfield v. Div'n of Pari-Mutuel Wagering*, 477 So. 2d 544 (Fla. 1985), and attempts to obtain information regarding non-parties to litigation, *see Berkeley v. Eisen*, 699 So. 2d 789 (Fla. 4th Dist. Ct. App. 1997). Any right to privacy in financial records that Bocco may have must yield to legitimate requests to obtain information directly related to the issues in this case. Therefore, if the motion for protective order, doc. no. 37, were timely filed, it would have been, and hereby is, denied on the merits.

**DONE** and **ORDERED** in Orlando, Florida on May 11, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties